[975 NYS2d 116]

In the Matter of JOEL A. GROSSBARTH (Admitted as JOEL AL-LANN GROSSBARTH), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, November 20, 2013

**APPEARANCES OF COUNSEL**

*Gary L. Cassella*, White Plains (*Glenn E. Simpson* of counsel), for petitioner.

*Scalise & Hamilton, LLP,* Scarsdale (*Sarah Jo Hamilton* of counsel), for respondent in proceeding No. 1.

## OPINION OF THE COURT

Per Curiam.

By decision and order on motion of this Court dated June 9, 2010, the Grievance Committee for the Ninth Judicial District was authorized to institute and prosecute a disciplinary proceeding against the respondent (proceeding No. 1) based upon the acts of professional misconduct alleged in a verified petition dated February 15, 2010, and the matter was referred to the Honorable Kenneth Rudolph, as Special Referee, to hear and report. On October 4, 2010 and October 10, 2010, a hearing was conducted before the Special Referee. Following the hearing, the Special Referee sustained some of the charges and declined to sustain the balance of the charges. The Grievance Committee and the respondent moved and cross-moved, respectively, to confirm in part, and disaffirm in part, the Special Referee's report.

While the motion and cross motion were pending, the Grievance Committee was authorized, by decision and order on motion of this Court dated November 2, 2011 (2011 NY Slip Op 88772[U]), to institute and prosecute a second disciplinary proceeding against the respondent (proceeding No. 2) based upon the allegations set forth in a verified petition dated June 15, 2011, and the issues were referred to the Honorable John M. Perrone, as Special Referee, to hear and report. The decision and order on motion also suspended the respondent from the practice of law, pursuant to 22 NYCRR 691.4 (l) (1) (i), (ii) and (iii), upon a finding that he was guilty of professional misconduct immediately threatening the public interest, based upon his failure to cooperate with the lawful demands of the Grievance Committee, his substantial admissions under oath that he committed acts of professional misconduct, and other uncontroverted evidence of professional misconduct.

By decision and order on motion dated November 3, 2011, this Court, on its own motion, ordered that proceeding No. 1 be held in abeyance pending a hearing and determination in proceeding No. 2.

In or about December 2011, the respondent was arrested in Rockland County on charges, inter alia, that he stole client funds. In January 2012, the respondent was arrested on additional charges. In the months following these arrests, the

Grievance Committee received 12 complaints of professional misconduct against the respondent alleging, inter alia, theft of escrow funds. The respondent did not cooperate with the Grievance Committee's efforts to prosecute proceeding No. 2, and did not submit answers to the additional complaints filed against him.

In December 2012, the respondent was charged, under Rockland County indictment Nos. 2012-516 and 2012-517, with, inter alia, seven counts of grand larceny in the second degree and 11 counts of forgery in the second degree. On March 19, 2013, the respondent pleaded guilty to one count of grand larceny in the second degree, a class C felony, in violation of Penal Law § 155.40, and one count of forgery in the second degree, a class D felony, in violation of Penal Law § 170.10, in satisfaction of indictment No. 2012-516, and one count of grand larceny in the second degree, a class C felony, in violation of Penal Law § 155.40, in satisfaction of indictment No. 2012-517.

The Grievance Committee now moves (proceeding No. 3) to strike the respondent's name from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90 (4), based upon his felony conviction. In response to the motion, the respondent's counsel has submitted an affirmation in which she states that she only represents the respondent with respect to proceeding No. 1; she does not represent the respondent with respect to the instant motion. Although served with a copy of the instant motion, the respondent, who is pro se with respect to the motion, has not served a response.

By virtue of his felony conviction, the respondent ceased to be an attorney and counselor-at-law pursuant to Judiciary Law § 90 (4) (a), and was automatically disbarred on March 19, 2013. Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys and counselors-at-law is granted, effective March 19, 2013, and his name is stricken from the roll of attorneys and counselors-at-law based on his disbarment.

Further, by virtue of the respondent's felony conviction, and his resulting automatic disbarment, proceedings Nos. 1 and 2 have become academic (*see Matter of Kingoff*, 89 AD3d 187 [2011]). Accordingly, proceedings Nos. 1 and 2 are discontinued.

Eng, P.J., Mastro, Rivera, Skelos and Dillon, JJ., concur.

Ordered that the petitioner's motion to strike the respondent's name from the roll of attorneys and counselors-at-law pursuant

to Judiciary Law § 90 (4) as a result of his conviction of a felony on March 19, 2013, is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90 (4) (a), the respondent, Joel A. Grossbarth, admitted as Joel Allann Grossbarth, is disbarred, effective March 19, 2013, and his name is stricken from the roll of attorneys and counselors-at-law, pursuant to Judiciary Law § 90 (4) (b); and it is further,

Ordered that the respondent, Joel A. Grossbarth, admitted as Joel Allann Grossbarth, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Joel A. Grossbarth, admitted as Joel Allann Grossbarth, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and its is further,

Ordered that if the respondent, Joel A. Grossbarth, admitted as Joel Allann Grossbarth, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f); and it is further,

Ordered that the petitioner's motion to confirm in part and disaffirm in part the report of the Special Referee, and the respondent's cross motion to confirm in part and disaffirm in part the report of the Special Referee, are denied as academic; and it is further,

Ordered that the pending disciplinary proceedings authorized and commenced under docket Nos. 2008-06463 and 2011-09575 are discontinued.